■ HUDSON VALLEY SHOPPING ASSOCIATES, Respondent, v. BIG V OF KINGSTON, INC., et al., Appellants.— Order, Supreme Court, New York County, entered on August 31, 1972, unanimously dismissed, without costs and without disbursements, as academic in view of the determination in the companion appeals. Order, Supreme Court, New York County, entered on January 2, 1973, striking defendants-appellants' notice of deposition of Mr. Minsky, one of plaintiff-respondent's partners, unanimously reversed, on the law and the facts, without costs and without disbursements, and the protective order denied. Order, Supreme Court, New York County, entered on January 3, 1973, granting plaintiff-respondent's renewed motion to restore the action to the calendar, unanimously modified, on the law and the facts, without costs and without disbursements, to provide for a specific date for the examination of Mr. Minsky, a partner in the plaintiff-respondent's organization, and otherwise affirmed. This is a dispute between a limited partnership, the owner and operator of a shopping center in Ulster County, and a group intending to operate a supermarket therein. The landlord, among other things, claims wrongful removal of trade fixtures and unpaid rent and seeks damages for necessary repairs and restoration. The tenant counterclaims, among other things, for wrongful re-entry and a lockout, and for conversion of its property and for the return of a security deposit. The plaintiff landlord's note of issue was automatically stricken because of the failure of plaintiff to file a statement of readiness within a year. The order restoring it is affirmed. The tactics causing delay were not one-sided. However, the tenant defendants are still entitled to examine Mr. Minsky, one of the partners of the plaintiff landlord. This should be done, if at all, promptly without further delay or pretrial bickering. Settle order on notice, providing for such examination to commence on a day certain within 30 days of the publication hereof, and to continue thereafter from day to day, subject to written stipulation between the parties, until completed. Concur — Markewich, J. P., Kupferman, Murphy, Steuer and Capozzoli, JJ.